**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph Brandon GOURLEY,
Defendant–Appellant.**

No. 07–30180.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 21, 2008.

James P. Hagarty, Esq., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: FISHER, GOULD and IKUTA, Circuit Judges.

### MEMORANDUM *

■ Joseph Gourley ("Gourley") pled guilty to possession of a firearm in furtherance of a drug trafficking crime, expressly reserving the right to appeal the district court's denial of his motion to suppress. He challenges the lawfulness of the initial seizure of the vehicle in which the firearm was found and the subsequent search of this vehicle. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the conviction.

*Waiver*

Gourley did not waive his appeal regarding the seizure of the vehicle by failing to challenge the seizure in the district court until his motion to reconsider. That motion gave the district court and the government the opportunity to address this issue fully. For the same reasons, even assuming the doctrine of waiver did apply to an argument initially raised in a timely motion to reconsider, we exercise our discretion to consider Gourley's arguments here. *See Self–Realization Fellowship Church v. Ananda Church of Self–Realization,* 59 F.3d 902, 912 (9th Cir.1995).

*Seizure of the vehicle*

■ Gourley argues that the government did not meet its burden of justifying the warrantless seizure of the vehicle. The Fourth Amendment's warrant requirement applies to the seizure of vehicles, so the government must justify the warrantless seizure here with "one of [the] few specifically established exceptions" to this requirement. *Miranda v. City of Cornelius,* 429 F.3d 858, 862 (9th Cir.2005)

(internal quotation marks omitted). The government principally argues that the seizure was justified because it was permitted under Washington Revised Code § 69.50.505, which allows law enforcement to seize a vehicle without process if a "law enforcement officer has probable cause to believe that the property was used or is intended to be used" to facilitate the sale of illegal controlled substances. The district court recognized that "a seizure can be made without a warrant if the law officer has probable cause to believe the property was used … in violation of the controlled substances act," and found that "the facts in this case satisfy those requirements under state law." However, " '[t]he question in this Court upon review of a state-approved search or seizure is not whether the search (or seizure) was authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment.' " *Miranda,* 429 F.3d at 865 (quoting *Sibron v. New York,* 392 U.S. 40, 61, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968))

The Fourth Amendment does not require police to obtain a warrant before seizing an automobile from a public place pursuant to a state law forfeiture statute "when they have probable cause to believe that it is forfeitable contraband." *Florida v. White,* 526 U.S. 559, 561, 119 S.Ct. 1555, 143 L.Ed.2d 748 (1999). Based on their witnessing Gourley selling drugs out of the vehicle during the controlled buy, the police had probable cause to believe that the vehicle was being used in violation of § 69.50.505, and therefore was, itself, in the nature of contraband. *See id.* at 561, 565, 119 S.Ct. 1555; BLACK'S LAW DICTIONARY 341 (8th ed.2004) (defining "contraband"); *see also United States v. Bagley,*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

772 F.2d 482, 491 (9th Cir.1985) (affirming warrantless seizure of vehicle under the "automobile exception" to the Fourth Amendment when "police officers undoubtedly had probable cause to associate the Buick with criminal activity"). We "may affirm on any basis fairly presented by [the] record that, as a matter of law, sustains the judgment" so long as this does not "deprive [the defendant] of the opportunity to adduce evidence in his favor," which Gourley was able to do here. *United States v. Henderson*, 241 F.3d 638, 649 n. 1 (9th Cir.2001) (internal citations and quotation marks omitted).

*Probable cause for search warrant*

■ We reject Gourley's argument that the search warrant affidavit was insufficient. Even after the tainted evidence was excised from the affidavit, it still established a "fair probability" that there would be contraband in the vehicle. *United States v. Kelley*, 482 F.3d 1047, 1055 (9th Cir.2007) (internal quotation marks omitted). It was reasonable to infer that there would be drugs in the car given Detective Gregory's first hand knowledge of Gourley's possession of methamphetamine and his experience that individuals who sell drugs often maintain contraband in their vehicle. *See id.*

■ Gourley's staleness argument fails regardless of whether the seizure of the vehicle is excised from the affidavit. If the seizure of the vehicle remains in the affidavit, that the vehicle was in the government's possession between the time of the controlled buy until the search defeats Gourley's argument that the evidence was too stale to establish probable cause. Moreover, even if the seizure is excised from the affidavit, the two-day gap between the time of the controlled buy and the affidavit would not render the evidence stale, because there was a direct connection between the vehicle and the alleged criminal activity. *Compare United States v. Perez*, 67 F.3d 1371, 1375–76 (9th Cir. 1995) (concluding evidence did not establish probable cause when there was "*only a speculative connection* between the vehicle and the alleged criminal activity" and "[t]he only connection between the alleged criminal activity and [the] vehicle was that [the defendant] *might* have driven it four days earlier to the mall where the coin shop was located") *overruled on other grounds*, 116 F.3d 840, 842–43 & n. 2 (9th Cir.1997) (en banc). Consequently, the search warrant affidavit established probable cause and the evidence that was discovered during the ensuing search need not have been suppressed.

**AFFIRMED.**