**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TABITHA TOTAH, | No. 11-15710 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-04051-MMC |
| v. | |
| LUCASFILM ENTERTAINMENT COMPANY, LTD, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted November 7, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Tabitha Totah appeals the district court's grant of summary judgment in her

sex discrimination suit against her former employer, Lucasfilm Entertainment Co.

Totah sought relief under Title VII and California's Fair Employment and Housing

Act based on theories of sexual harassment, disparate treatment, and retaliation.

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review the grant of summary judgment *de novo. Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 639 (9th Cir. 2004). In so doing, we review the record that was before the court that granted summary judgment. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027–28 (9th Cir. 2006). In the exercise of sound discretion we may permit novel legal arguments on appeal. *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

The parties are familiar with the facts. After the district court granted summary judgment, Totah filed a motion for reconsideration. In her motion, Totah made several arguments for the first time, which she now repeats on appeal. First, Totah alleged that the meeting in which her supervisors informed her of complaints about her conduct was itself a form of harassment. Second, Totah argued that her phone call to a business partner was protected opposition activity for the purposes of her retaliation claim. The district court denied Totah's motion for reconsideration. The legal arguments that Totah raised for the first time in her motion for reconsideration were not adequately preserved on appeal. *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995).

The district court granted summary judgment on Totah's sexual harassment claim because the allegedly offensive conduct was not sufficiently severe or

pervasive to create a hostile work environment. We have reviewed the record and hold that although the comments Totah complains of were certainly offensive, Totah has failed to raise a triable issue of fact as to whether these incidents so polluted her workplace that they altered the conditions of her employment. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798–99 (9th Cir. 2003).

Totah alleges that the district court erred in rejecting her disparate treatment claim. However, she only offered evidence of alleged disparate treatment of one male supervisor who did not have a similar job and did not engage in conduct of comparable seriousness to that of Totah. *See Vasquez*, 349 F.3d at 641. Her disparate treatment claims were properly dismissed by the district court.

Totah contends that the district court erred in denying her retaliation claims. However, she did not establish a causal link between her purported protected opposition activity and her termination. Accordingly, Totah failed to allege a prima facie case of retaliation. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Moreover, she did not present a genuine issue of material fact showing that Lucasfilm's explanation that she was fired for insubordination was mere pretext. *See Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004).

Finally, Totah challenges the magistrate judge's order denying her discovery request for information relating to another Lucasfilm employee. Totah failed to file

3

timely objections to the magistrate's order. *See* Fed. R. Civ. P. 72(a). Thus, she is barred from objecting to the order on appeal. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173–74 (9th Cir. 1996).

Nothing in the record justifies reversal.

**AFFIRMED.**