NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARRASCO-CERVANTES, | No. 20-72167 |
| Petitioner, | Agency No. A213-080-799 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2023**
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.
Partial Dissent by Judge BUMATAY.

Juan Carrasco-Cervantes ("Carrasco-Cervantes"), a native and citizen of

Mexico, petitions this court for review of a decision of the Board of Immigration

Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and grant and remand in part for proceedings consistent with this disposition.

1.    The IJ denied Carrasco-Cervantes's asylum application upon finding that Carrasco-Cervantes did not establish that an exception to the one-year filing deadline applied, *see* 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(2), (4)–(5), and Carrasco-Cervantes failed to challenge that finding before the BIA. Because we agree with the government that this issue is unexhausted, we deny the petition for review as to the asylum claims. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *see also Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1112–14 (2023) (exhaustion requirement is not jurisdictional).

2.    We remand for further proceedings on the withholding of removal claims. The BIA stated that it found no clear error in the IJ's finding that Carrasco-Cervantes did not establish that any past or feared future harm was on account of a protected ground. After the BIA's decision and the briefing in this case, this court made clear for the first time that "the BIA must review de novo whether a persecutor's motives meet the nexus legal standards." *Umana-Escobar*, 69 F.4th at 552.[1]  Therefore, remand is warranted for the BIA to apply the proper

---

[1] Even if, as the dissent suggests, that argument already followed from a BIA decision and a Department of Justice guidance, forfeiture is a discretionary doctrine. "[W]e may exercise discretion to consider a waived issue in certain

2

standard. *Id.*

The internal relocation finding is not an alternative, independent basis on which to uphold the BIA's decision as to withholding of removal. In the withholding context, the burden as to internal relocation shifts depending on whether an applicant has established past persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i)–(ii); *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2022). The question of past persecution was resolved on nexus grounds, and we do not have a nexus determination from the BIA under the proper standard of review. Therefore, "the relocation determination is not dispositive" in this case. *Singh*, 57 F.4th at 658.

**PETITION DENIED IN PART AND GRANTED IN PART; REMANDED.**[2]

---

cases, one such case being when the issue presented is a pure question of law," as it is here. *Wong v. Flynn-Kerper*, 999 F.3d 1205, 1214 n.11 (9th Cir. 2021) (quoting *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995)).

[2] The parties shall bear their own costs.

*Carrasco-Cervantes v. Garland*, No. 20-72167
BUMATAY, Circuit Judge, dissenting in part:

I concur with denying the petition for Juan Carrasco-Cervantes's asylum claim. But I would also deny the petition on his withholding of removal claim. While it may appear that the Board of Immigration Appeals applied the wrong standard of review to the nexus element of his withholding of removal claim, Carrasco-Cervantes never raised this argument before this court.

We established long ago that "we will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (simplified). This case is a classic example of forfeiture. Carrasco-Cervantes raised three issues in his opening brief and none of them challenged the standard of review applied by the BIA. He didn't address the issue in a reply brief or even in any post-briefing filing. The government never said a peep about it either. So we raised this issue sua sponte.

And there's no good reason to excuse Carrasco-Cervantes's failure to properly raise this challenge. As we recently said, this has been the law for over twenty years. *See Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023). In *Umana-Escobar*, we pointed out that the BIA determined "that the nexus determination is a legal determination subject to de novo review" in a published decision back in 2008. *Id.* (citing *Matter of S-E-G-*, 24 I. & N. Dec. 579, 588 n.5 (BIA 2008)). In turn, we noted that the BIA's decision was predicated on a Department of Justice guidance

1

from 2002. *Id*. (citing Board of Immigration Appeals: Procedural Reforms To Improve Case Management, 67 Fed. Reg. 54,878, 54,890 (Aug. 26, 2002)). In other words, the argument that the BIA should have applied a de novo standard of review to the nexus determination wasn't novel and was fully available to Carrasco-Cervantes before briefing in this case. Under these facts, he is not entitled to a sua sponte remand.

I respectfully dissent from the partial grant of the petition of review.