**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GENESIS 1 OIL SERVICES LLC, a
Delaware limited liability company; et al.,

      Plaintiffs-Appellees,

  v.

WISMANN GROUP, LLC, a California
LLC; WILLIAM WISMANN,

      Defendants-Appellees,

JIMMY SMITH; et al.,

      Counter-defendants-
      Appellees,

  v.

DAVID MARTIN, Dr.; Proposed
Intervenor-Defendant,

      Movant-Appellant.

No.   23-55060

D.C. No.
8:20-cv-02114-SSS-ADS

MEMORANDUM[*]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GENESIS 1 OIL SERVICES LLC, a
Delaware limited liability company,

        Plaintiff-Appellant,

and

TIVOLI, INC., a Texas corporation; et al.,

        Plaintiffs,

  v.

WISMANN GROUP, LLC, a California
LLC; WILLIAM WISMANN,

        Defendants-Appellees,

  v.

JIMMY SMITH; et al.,

        Counter-defendants,

  v.

DAVID MARTIN, Dr.; Proposed
Intervenor-Defendant,

        Movant-Appellee.

No.   23-55368

D.C. No.
8:20-cv-02114-SSS-ADS

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

2

Before: RAWLINSON, MELLOY,[**] and H.A. THOMAS, Circuit Judges.

In these consolidated appeals, Genesis 1 Oil Services LLC (Genesis) appeals the district court's order dissolving a preliminary injunction based on its grant of partial summary judgment in favor of Wismann Group, LLC (WG), and Dr. David E. Martin appeals the district court's denial of his motion for permissive intervention. We affirm the district court's order dissolving the injunction, and we dismiss Dr. Martin's appeal for lack of jurisdiction.

We have jurisdiction pursuant to 28 U.S.C. § 1292 to review the district court's order dissolving the preliminary injunction and granting partial summary judgment. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 905 (9th Cir. 1995). We review the district court's grant of summary judgment *de novo*, and its "order granting dissolution of an injunction for an abuse of discretion." *Native Ecosystems Council v. Marten*, 883 F.3d 783, 789 (9th Cir. 2018) (citation omitted).

"We have jurisdiction over a district court's denial of permissive intervention only if we conclude the district court abused its discretion. If the

---

[**] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

district court did not abuse its discretion, we must dismiss the appeal for lack of jurisdiction." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021) (citations omitted).

The contract between Genesis and WG did not grant Genesis an exclusive or implied license in the trade secrets owned by WG. Genesis' officers confirmed that the contract required a separate licensing agreement for the trade secrets and detailed the parties' extensive efforts to negotiate a license. As a result, Genesis did not raise a material factual dispute regarding its possession of a trade secret under the contract, and the district court properly dissolved the preliminary injunction because Genesis was not likely to succeed on the merits of its trade secrets misappropriation claim. *See InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (stating that "[t]o succeed on a claim for misappropriation of trade secrets . . . a plaintiff must prove . . . that the plaintiff possessed a trade secret") (citation omitted); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (explaining that "likely success on the merits . . . is a threshold inquiry").[1,2] For the same reason, the district court

_____

[1] The district court did not err in initially granting a preliminary injunction based on evidence before the court at that time, and subsequently dissolving the injunction due to evidence presented at summary judgment. *See Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (explaining that "a significant change

(continued...)

4

properly granted summary judgment in favor of WG on the trade secrets claim.

The district court did not abuse its discretion in denying Dr. Martin's motion to intervene as untimely and prejudicial to the parties. *See Cooper*, 13 F.4th at 868. Dr. Martin waited over one year after entry of the preliminary injunction to file his application to intervene. Because the district court did not abuse its discretion in denying permissive intervention, we dismiss Dr. Martin's appeal for lack of jurisdiction. *See id.*

**AFFIRMED in part, and DISMISSED in part.**

---

[1](...continued)
in facts" may support dissolution of an injunction) (citation omitted).

[2] In light of the contract and its officers' deposition testimony, Genesis does not demonstrate that it is entitled to an equitable grant of an exclusive license in support of its trade secrets misappropriation claim. Any issues regarding Genesis' equity interest and cash payments to WG may be resolved in Genesis' pending breach of contract claim.