NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BOARD OF TRUSTEES OF THE
TEAMSTERS LOCAL 631 SECURITY
FUND FOR SOUTHERN NEVADA;
BOARD OF TRUSTEES OF THE
TEAMSTERS CONVENTION
INDUSTRY TRAINING FUND,

Plaintiffs - Appellees,

v.

WORLD WIDE EXHIBITS, INC.,

Defendant - Appellant.

No. 25-2381

D.C. No.
2:23-cv-01469-CDS-DJA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted March 11, 2026[**]
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John W. Holcomb, United States District Judge for the
Central District of California, sitting by designation.

World Wide Exhibits, Inc. appeals the district court's denial of its motion to set aside a default judgment. The district court granted default judgment for the Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and the Board of Trustees of the Teamsters Convention Industry Training Fund ("Plaintiffs"), who claimed that World Wide failed to make records available for audit in violation of 29 U.S.C. § 1145 and World Wide's obligations under the parties' Collective Bargaining Agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of a motion to set aside a default judgment under Federal Rule of Civil Procedure 60(b)(1) for abuse of discretion. *See United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015). That review entails a two-step test: "The first step of our abuse of discretion test is to determine de novo whether the trial court identified the correct legal rule to apply to the relief requested. The second step is . . . to determine whether the trial court's application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.* (citation modified) (quoting *United States v. Hinkson,* 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc)).

1. The district court identified the correct legal rule governing motions to set aside the default judgment. A court may set aside a default judgment for

"mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b). *Id.* (quoting Fed. R. Civ. P. 60(b)(1)). When a defendant seeks relief under Rule 60(b), "a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Id.* (citation modified) (quoting *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)). "This standard is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* (citation modified) (quoting *Mesle*, 615 F.3d at 1091). Because the district court correctly identified this three-part rule, we proceed to the second step of review.[1]

2. The district court's denial of World Wide's Rule 60(b) motion was not illogical, implausible, or without support in inferences drawn from the record. First, there is ample support in the record for the district court's determination that World Wide had engaged in culpable conduct that led to the default. World Wide's failure to respond to Plaintiffs' audit request, three subsequent demand

---

[1] Although the district court referenced "good cause" in needing to set aside the default, the district court did not err in doing so because "[t]he standard for determining whether to set aside entry of default for 'good cause' under Rule 55(c) 'is the same as is used to determine whether a default judgment should be set aside under Rule 60(b).'" *Aguilar*, 782 F.3d at 1107 n.8 (quoting *Mesle*, 615 F.3d at 1091).

letters, and two methods of international service indicate that World Wide intended to take advantage of Plaintiffs and avoid legal process. As the district court observed, the sworn affidavits contradict World Wide's claims that service did not occur. And World Wide's belated effort to send three checks—two of which bounced—as well as remittance reports that did not respond to the majority of Plaintiffs' document requests does not compel the conclusion that World Wide acted in good faith.[2]

Second, the district court did not abuse its discretion in denying World Wide's motion based upon the absence of a meritorious defense. We do not consider the three defenses that World Wide raises on appeal because World Wide did not raise those defenses in its motion to set aside the default judgment. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) ("[A]ppellate courts will not consider arguments that are raised for the first time on appeal." (citation modified) (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)); *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995) ("A party does not properly preserve

---

[2] If the party moving to set aside the default judgment is legally sophisticated, then that party's mere notice of the action and failure to answer establishes culpability. *See Mesle*, 615 F.3d at 1093. We need not assess whether World Wide is a "legally sophisticated" actor because the district court's determination that World Wide acted culpably under the more lenient standard for unsophisticated parties was not an abuse of discretion.

an issue for appeal by raising it for the first time in a motion for reconsideration."). Accordingly, World Wide's proposed defenses are waived.

Thus, the district court did not abuse its discretion in denying World Wide's motion to set aside the default judgment. Because the three-factor standard governing such motions is disjunctive, *see Aguilar*, 782 F.3d at 1105, we affirm based on the first two factors of that standard without reaching the third factor.

**AFFIRMED**.