129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Eulalio GONZALEZ-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70242.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Eulalio Gonzalez-Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. § 1158(a) and § 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a,[1] and we deny the petition.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review credibility findings under the substantial evidence standard, and we must uphold the IJ's adverse credibility finding "unless the evidence presented compels a reasonable factfinder to reach a contrary result." Lopez-Reyes v. INS, 59 F.3d 908, 911 (9th Cir.1996). Although the IJ's credibility finding is entitled to "substantial deference," it must be supported by "a specific, cogent reason." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992) (citation omitted).
 
 
 4
 An applicant may be entitled to asylum if he establishes that he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Well-founded -ear has both a subjective and an objective component. See Acewicz, 984 F.2d at 1061. To satisfy the subjective component, an applicant must present credible testimony that he genuinely fears persecution. See id. To satisfy the objective component, an applicant must present credible, direct and specific evidence that his fear is reasonable. See id. (quotations omitted).
 
 
 5
 Here, the IJ found Gonzalez-Lopez not credible because of discrepancies among his two asylum applications and his testimony. In his first application, he claimed that guerrillas threatened, interrogated, and beat him because, as a military police officer, he captured guerrilla members. He later testified that a notary public advised him to claim he was persecuted by guerrillas and to claim he was a military, rather than a national, police officer.
 
 
 6
 In his second application, Gonzalez-Lopez claimed guerrillas would "kill him because he was a military police officer, and police would kill him because he knew of corruption within the department. He later testified that he feared two former police colleagues would kill him because he complained about arrestees being mistreated. Only on cross-examination did Gonzalez-Lopez mention that he feared police because of his knowledge of corruption. The IJ also noted that Gonzalez-Lopez failed to provide critical details, such as when he was threatened by his two former colleagues, one of whom he identified by given name only and the other by surname only.
 
 
 7
 The discrepant and vague aspects of Gonzalez-Lopez's testimony go to the very core of his persecution claim. See de Leon-Barrios v. INS, 116 F.3d 391, 393-94 (9th Cir.1997). Because the IJ provided specific and cogent reasons for disbelieving his testimony, substantial evidence supports the IJ's decision. See Berroteran-Melendez, 955 F.2d at 1256. Because Gonzalez-Lopez failed to provide credible evidence of past persecution or a well-founded fear of future persecution, he failed to establish eligibility for asylum. See id. at 1257-58.[2]
 
 
 8
 It follows that he did not satisfy the more stringent standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252, et seq. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat.. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)
 
 
 [2]
 The IJ concluded that even if the testimony were credible, the alleged persecution by guerrillas was not on account of political opinion or any other prohibited ground, and the BIA made a similar finding regarding alleged persecution by police. Because substantial evidence supports these findings, they provide an additional basis for denying the instant petition. See Acewicz, 984 F.2d at 1061