**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOLID 21, INC., a Nevada Corporation headquarted in Los Angeles, California,<br><br>Plaintiff-counter-defendant-Appellant,<br><br>v.<br><br>HUBLOT OF AMERICA, a Florida Corporation; et al.,<br><br>Defendants-counter-claimants-Appellees. | No. 15-56036<br><br>D.C. No. 2:11-cv-00468-DMG-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 8, 2017
Pasadena, California

Before: PREGERSON, PAEZ, and CHRISTEN, Circuit Judges.

Solid 21, Inc. ("Solid 21") appeals the district court's order granting

summary judgment in favor of Hublot of America and its affiliates (collectively

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"Hublot").  The district court concluded that no genuine issue of material fact existed regarding whether Solid 21's mark "red gold" is invalid because it is generic.  We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's evidentiary rulings for abuse of discretion, *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014), and "review summary judgments de novo," *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010).  For the following reasons, we reverse and remand for further proceedings.

1.  The district court excluded a portion of the declaration of Solid 21's expert linguist, Dr. Ronald Butters, as going to the ultimate issue.  In a civil case, "[a]n opinion is not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704(a).  "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law."  *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).

The district court excluded the portions of Dr. Butters's declaration that related to anything other than dictionary definitions of "red gold."  This included his testimony regarding the associations that ordinary English speakers have with

2

the term "red gold."  The district court did not explain why this testimony was unhelpful or constituted nothing more than a legal conclusion.  The exclusion of this testimony prejudiced Solid 21 by depriving it of evidence related to the primary significance that consumers assign Solid 21's mark.  *See Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111, 118 (1938) (articulating the test for genericness as "the primary significance of the term in the minds of the consuming public").  The district court abused its discretion by excluding Dr. Butters's linguistic opinions as going to the ultimate issue.

2.  The district court excluded Solid 21's proffered consumer declarations under Federal Rule of Civil Procedure 37(c) because Solid 21 did not disclose the witnesses in its initial disclosures or before filing its opposition to summary judgment.  In order for Rule 37(c) to bar the introduction of evidence, a party's failure to disclose must prejudice the opposing party.  *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).  Consumer perception goes to the heart of the genericness inquiry, *see Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005), so the exclusion of consumer declarations put a substantial hurdle in the way of Solid 21's effort to mount a successful opposition to summary judgment.  Hublot could have cured any prejudice by taking the opportunity to conduct additional discovery, including

3

deposing the witnesses if it wished, and supplementing its motion for summary judgment if necessary.

The district court's other stated reasons for excluding the declarations do not justify its ruling. The consumer declarations offered by Solid 21 did not relate solely to secondary meaning. Consumers Donald Anderson, Kelly Trahan, Lucille Bilyeyev, Orville "Shaggy" Burrell, Tyson Beckford, Samuel Appiah, Jermaine Coleman, Aaron Goodwin, and Robert Filotei all stated that they associate "red gold" with Chris Aire and Solid 21. Former Solid 21 employee Mary Davis described her understanding that "red gold" had not been used to describe watches before Solid 21 started using the term. This is the type of evidence that courts have admitted for purposes of determining genericness. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 909 (9th Cir. 1995) (considering declarations of "'buyers' relevant to the genericness analysis"); *see also Zobmondo*, 602 F.3d at 1120 (concluding that expert testimony that "Would You Rather . . . ?" had not previously been used to describe a board game was relevant to whether the mark was widely understood by consumers to refer to the type of game in question).

Additionally, the district court stated that the declarations all came "from employees, former colleagues, or individuals who have known Aire[] for a 'long

4

time,'" and concluded that this sort of evidence was irrelevant under Ninth Circuit case law. *See Self-Realization*, 59 F.3d at 910 ("Trademark law is skeptical of the ability of an associate of a trademark holder to transcend personal biases to give an impartial account of the value of the holder's mark.").

But only one witness was a former Solid 21 employee, and none of the declarations actually described a close personal relationship with Aire. The witness testimony here is unlike the testimony excluded in *Self-Realization*, which came from only the plaintiff's "employees and wholesalers." *Id.* Furthermore, the court in *Self-Realization* concluded that the declarations had "little probative value," not that they were inadmissible. *Id.* Accordingly, the district court abused its discretion by excluding the consumer declarations.

3. With this additional evidence, Solid 21 raised a triable issue of material fact concerning whether consumers understand "red gold" to refer only to a particular producer's goods (in which case the term is not generic) or whether consumers understand the term to refer to the goods themselves (in which case the term is generic). *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005).

Appellees shall bear costs on appeal.

**REVERSED AND REMANDED.**