

# FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL DE JESUS ZEPEDA RIVAS; et al., | Nos. 20-16276<br>20-16690 |
| Plaintiffs-Appellees, | |
| v. | D.C. No. 3:20-cv-02731-VC |
| DAVID JENNINGS, Acting Field Officer Director; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| GEO GROUP, INC.; NATHAN ALLEN, Warden, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 8, 2021
San Francisco, California

Before: BERZON, CHRISTEN, and BADE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs, civil immigration detainees housed at Mesa Verde Detention Facility and Yuba County Jail (collectively, the Facilities), filed a class petition for writ of habeas corpus, and a class complaint for injunctive and declaratory relief. Plaintiffs alleged the conditions of confinement at the Facilities violated their Fifth Amendment right to due process in light of the threat posed by the COVID-19 pandemic. Through a series of orders, the district court established a system to consider individual bail applications and subsequently issued multiple bail orders granting indefinite release to over 130 detainees.

The defendants first filed an interlocutory appeal challenging the temporary restraining order entered April 29, 2020, the bail orders issued thereunder, and the preliminary injunction entered June 9, 2020. Defendants separately appealed additional bail orders issued after the preliminary injunction. This memorandum disposition resolves certain threshold issues presented in these appeals and is accompanied by a separate order referring the remaining issues to mediation. Here, we conclude that we have jurisdiction to review the April 29, 2020 temporary restraining order, the June 9, 2020 order granting preliminary injunction, and the bail orders; that plaintiffs showed a likelihood of success on their claim that conditions at the Facilities fell below a constitutional minimum at

least as of the time the temporary restraining order was entered; and that, contrary to the government's argument, district courts have authority to enter injunctive relief to remedy unconstitutional conditions of confinement, including overcrowding that poses health dangers,  under certain circumstances.

1.  We have jurisdiction to review interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."  28 U.S.C. § 1292(a)(1).  Generally, temporary restraining orders are not appealable, *see E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 762 (9th Cir. 2018) (citing *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018)), but the label attached to an order does not determine our jurisdiction.  *See Abbott*, 138 S. Ct. at 2319.  Rather, "[w]e treat a TRO as a preliminary injunction 'where an adversary hearing has been held, and the court's basis for issuing the order [is] strongly challenged.'"  *E. Bay Sanctuary Covenant*, 932 F.3d at 762 (second alteration in original) (quoting  *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002)).  We also consider whether the temporary restraining order remains in effect for longer than 14 days.  *Id.*

We conclude the individual bail orders issued pursuant to the temporary restraining order and appealed here are reviewable pursuant to § 1292(a)(1).  The district court issued each bail order following adversarial briefing by both parties

3

and the government strenuously challenged the district court's legal basis for issuing each bail order. Moreover, the district court's bail orders were entered for an indefinite period, thus exceeding the presumptive 14-day duration of temporary restraining orders. *See* Fed. R. Civ. P. 65(b).

Because we conclude the bail orders are appealable, we also hold the temporary restraining order entered on April 29, 2020 is appealable. In *Swint v. Chambers County Commission*, the Supreme Court suggested that a nonappealable order would be appealable if it were "inextricably intertwined" with an appealable order or if "review of the former decision [is] necessary to ensure meaningful review of the latter." 514 U.S. 35, 51 (1995). This court has similarly held "[a] summary judgment order that provides the legal authority to issue an injunction—that constitutes a 'necessary predicate' to complete review of the injunction—is inextricably bound up with the injunction." *Paige v. California*, 102 F.3d 1035, 1040 (9th Cir. 1996) (alteration in original) (quoting *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 905 (9th Cir. 1995)). Because the April 29 temporary restraining order articulated the district court's legal justification for the bail orders, the bail orders and the temporary restraining order worked in tandem. Accordingly, we have jurisdiction to review the April 29 temporary restraining order.

2. We also conclude that plaintiffs demonstrated a likelihood of success on the merits of their conditions-of-confinement claim as of the time the district court entered its April 29 temporary restraining order. "The Fifth Amendment requires the government to provide conditions of reasonable health and safety to people in its custody." *Roman v. Wolf* (*Roman I*), 977 F.3d 935, 943 (9th Cir. 2020) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989) and *Doe v. Kelly*, 878 F.3d 710, 714 (9th Cir. 2017)). The government violates this duty if:

> (i) [It] ma[kes] an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the [government] did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved . . . ; and (iv) by not taking such measures, the [government] caused the plaintiff's injuries.

*Id.* (alteration in original) (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)).

When the temporary restraining order was entered, the district found COVID-19 posed grave health risks, the crowded detention facilities were a "tinderbox" for COVID-19 transmission, and COVID-19 posed a serious health-risk to all detainees—not only those in high-risk categories. Despite these risks, the district court found the government had only recently taken modest

5

measures in response to the pandemic and that social distancing was still impossible for most detainees. The government had not yet identified detainees with medical conditions that made them more vulnerable to COVID-19. Further, the government had only tested two detainees at the Facilities even though detainees regularly arrived from facilities with confirmed COVID-19 cases.

The government does not argue these findings were clearly erroneous. Rather, addressing the conditions that existed at that time of the temporary restraining order, the government primarily argues that the lack of confirmed COVID-19 cases at the Facilities undercuts plaintiffs' claim that they were entitled to injunctive relief. This argument is defeated by the well-established principle that to prevail on a conditions-of-confinement claim, plaintiffs need only prove a "sufficiently imminent danger[ ]," because a "remedy for unsafe conditions need not await a tragic event." *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993). On this record, we agree with the district court that plaintiffs demonstrated a likelihood of success on their claim that conditions at the Facilities fell below the constitutional threshold when the April 29 temporary restraining order was entered.

3. The government argues that to the extent the plaintiffs' claims rely on habeas corpus, the district court lacked authority to remedy plaintiffs' conditions of confinement. But in *Roman I*, we recognized that the Due Process Clause of the

6

Fifth Amendment provides civil immigration detainees an implied cause of action to seek equitable relief from unconstitutional conditions of confinement. 977 F.3d at 941–42. As in *Roman I*, we need not decide whether a writ habeas corpus is the proper vehicle to pursue plaintiffs' claim because plaintiffs also brought a class action seeking declaratory and injunctive relief to remedy the condition. *See id.* at 941.

District courts "possess[] broad equitable authority to remedy a likely constitutional violation." *Id.* at 945. "The district court may, for example, require . . . a reduction in the population to a level that would allow for six-foot social distancing, if it concludes [that] action[] [is] necessary to bring the conditions to a constitutionally adequate level." *Id.* at 945–46; *see also Brown v. Plata*, 563 U.S. 493, 502 (2011) (affirming a three-judge district court's order limiting the inmate population at California prisons because overcrowding had resulted in Eighth Amendment violations and no other relief would cure the violation). Accordingly, although we do not decide here the scope of the district court's authority to enter injunctive relief, we conclude the district court had authority to enter appropriate injunctive relief to remedy ongoing violations.

4. We do not decide here whether unconstitutional conditions of confinement persisted as of the time the district court entered the preliminary

7

injunction on June 9, 2020. By the time the district court entered the preliminary injunction, it had already held eight status conferences, and the preliminary injunction order includes the district court's finding that the government unreasonably resisted taking measures to safeguard detainees in response to COVID-19. The parties are no doubt aware of the positions asserted at the status conferences but those transcripts were not included in the parties' excerpts of record. Whether the district court's finding that the government unreasonably failed to take action is supported by the record will likely require review of those transcripts. Accordingly, we do not decide whether the district court exceeded the scope of its authority to enter injunctive relief as of June 9.

The government separately argues the district court did not have authority to release any plaintiffs detained pursuant to the mandatory detention statutes, 8 U.S.C. §§ 1226(c) and 1231(a)(2). Neither party briefed whether the district court was required to prioritize releasing detainees who were not subject to mandatory detention. Rather than decide these questions and the other unresolved issues, in the accompanying Order we refer this appeal to the Circuit Mediation Program.