**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOHN LAW GROUP, INC., a California corporation, *Plaintiff-Appellant*, <br><br> v. <br><br> AUTO PARTS MANUFACTURING MISSISSIPPI, INC., a Mississippi corporation, *Defendant-Appellee*. | No. 13-55023 <br><br> D.C. No. 2:12-cv-08063-MWF-MRW <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted
February 6, 2015—Pasadena, California

Filed June 4, 2015

Before: Michael J. Melloy,* Jay S. Bybee,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Melloy

---

* The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY[**]

### First-To-File Rule

The panel affirmed the district court's order staying proceedings under the first-to-file rule in an action brought by Kohn Law Group, Inc., under § 9607(a)(3) of the California Commercial Code alleging it was entitled to payments Auto Parts Manufacturing Mississippi, Inc., owed to a third party.

The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court.

The panel held that a Mississippi interpleader action was a previously filed lawsuit involving substantially similar parties and issues where the Mississippi action was filed first, the present case involved substantially similar issues as the Mississippi action, and the present case involved the issue to be determined in the Mississippi action. The panel concluded that the district court did not abuse its discretion by staying the present action under the first-to-file rule.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Robert Kohn (argued), Kohn Law Group, Santa Monica, California, for Plaintiff-Appellant.

Michael Matthias (argued) and Gabriel Drucker, Baker & Hostetler, Los Angeles, California, for Defendant-Appellee.

**OPINION**

MELLOY, Circuit Judge:

Kohn Law Group, Inc. (Kohn Law) sued Auto Parts Manufacturing Mississippi, Inc. (APMM) under § 9607(a)(3) of the California Commercial Code, alleging Kohn Law was entitled to payments APMM owed to a third party. The Central District of California stayed the proceedings, finding the question presented was already being litigated by the same or related parties in Mississippi. For the reasons stated below, we affirm.

I

APMM hired Noatex Corporation (Noatex) as a general contractor to construct an auto parts manufacturing facility in Guntown, Mississippi. Noatex hired King Construction of Houston, L.L.C. (King Construction) as a subcontractor. After construction began, Noatex alleged APMM owed Noatex for goods and services provided under their contract. Noatex also questioned the validity and the amount of invoices King Construction submitted for its construction work under the subcontract.

King Construction filed a "Stop Notice" pursuant to Mississippi Code § 85–7–181 (repealed 2014) (Stop Notice Statute). The Stop Notice Statute allows a subcontractor to bind funds a project owner owes to a general contractor. King Construction sought to bind funds APMM owed to Noatex. The Stop Notice also informed APMM that Noatex allegedly owed King Construction $260,410.15 (the disputed funds). Noatex then filed a declaratory action against King Construction in the Northern District of Mississippi, challenging the constitutionality of the Stop Notice Statute. Without deciding the parties' rights to the disputed funds, the Northern District of Mississippi found the Stop Notice Statute unconstitutional. The Fifth Circuit affirmed.[1]

Kohn Law represented Noatex in the Stop Notice litigation. To pay for legal fees, Noatex granted Kohn Law a contractual lien on its receivables. Kohn Law asserts the lien covers funds APMM allegedly owes Noatex.

Because it was worried about multiple, inconsistent judgments relating to the disputed funds, APMM filed an interpleader action in Mississippi state court on November 15, 2011. APMM listed Noatex and King Construction as parties. Noatex removed the lawsuit to the Northern District of Mississippi on December 5, 2011. On April 12, 2012, the Northern District of Mississippi remanded the case back to the Mississippi state court. Once APMM became aware of Kohn Law's lien, APMM filed a motion to amend the interpleader complaint to add Kohn Law as a party. On December 5, 2012, the Northern District of Mississippi placed the case back on its docket, holding that it had erred

---

[1] *Noatex Corp. v. King Constr. of Hous., L.L.C.*, 732 F.3d 479, 487 (5th Cir. 2013).

by remanding the case because APMM could have filed the case in federal court.

Meanwhile, on September 18, 2012, Kohn Law filed the present action against APMM in the Central District of California pursuant to California Commercial Code § 9607(a)(3).**[2]**  Section 9607(a)(3) permits a secured party (Kohn Law) to enforce obligations of a debtor (APMM) on behalf of the holder of the debt (Noatex).  APMM moved to dismiss the complaint, or in the alternative, stay the proceedings.

On December 11, 2012, the Central District of California stayed the lawsuit, holding that the *Colorado River*[3] doctrine and the first-to-file rule warranted a stay.  The district court stated Kohn Law was asking the Central District of California "to short-circuit the ongoing Mississippi interpleader action as to this $260,410.15 and award the funds to Kohn."  It further noted that to "proceed with this action only would multiply lawsuits, increase costs and prolong a final determination."  Kohn Law appeals.

II

The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues

---

**[2]** Section 9607(a)(3) states "a secured party may . . . [e]nforce the obligations of an account debtor or other person obligated on collateral and exercise the rights of the debtor with respect to the obligation of the account debtor or other person obligated on collateral to make payment or otherwise render performance to the debtor."

**[3]** *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

and parties was previously filed in another district court. We review a decision to stay proceedings under the first-to-file rule for an abuse of discretion. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

The first-to-file rule is intended to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (alteration in original) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)) (internal quotation marks omitted). When applying the first-to-file rule, courts should be driven to maximize "economy, consistency, and comity." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999). The first-to-file rule may be applied "when a complaint involving the same parties and issues has already been filed in another district." *Alltrade*, 946 F.2d at 625 (citation and internal quotation marks omitted). Thus, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues.[4] *See id.*

Ordinarily, we start by analyzing which lawsuit was filed first. But we need not analyze this issue here because Kohn Law does not argue that the present case was filed first. And, as asserted by APMM, both the Mississippi state court

---

[4] Kohn Law argues that we should apply a different legal framework "[w]hen reviewing an order staying or dismissing a second action." Kohn Law asks us to apply the same four factors that govern claim preclusion. Kohn Law relies on *Adams v. California Department of Health Services*, 487 F.3d 684 (9th Cir. 2007), *abrogated in part by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008), to support its argument. In *Adams*, the Ninth Circuit addressed a situation where a plaintiff filed a second, duplicative action after a dismissal of her first action *in the same court*. *Id.* at 687–88. *Adams* did not consider or discuss the first-to-file rule.

complaint (November 15, 2011) and the removal to Northern District of Mississippi (December 5, 2011) were filed before the present case was filed in the Central District of California (September 18, 2012). Because the parties do not dispute that the Mississippi interpleader action was filed first, we assume this requirement is met.

Regarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997); *Herer v. Ah Ha Publ'g, LLC*, 927 F. Supp. 2d 1080, 1089 (D. Or. 2013); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008). Rather, the first-to-file rule requires only substantial similarity of parties. *See Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999); *Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (citing *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006)); *see generally Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (noting that the first-to-file rule should not be applied "mechanically").

Kohn Law argues that the parties are not substantially similar here because a defendant in the Mississippi interpleader action—King Construction—is not named in the present action. We disagree. In *Alltrade, Inc.*, 946 F.2d at 624 & n.3, 629, we affirmed a district court's decision not to hear a second-filed case under the first-to-file rule even though the first-filed case contained a defendant not named in the second case. A contrary holding could allow a party such as Kohn Law to skirt the first-to-file rule merely by omitting one party from a second lawsuit. We conclude that the omission of King Construction from the present action

does not defeat application of the first-to-file rule. Our conclusion avoids awarding such gamesmanship and is consistent with the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity. *See Cadle Co.*, 174 F.3d at 604.

The issues in both cases also need not be identical, only substantially similar. *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011); *Adoma*, 711 F. Supp. 2d at 1148; *Inherent.com*, 420 F. Supp. 2d at 1097. To determine whether two suits involve substantially similar issues, we look at whether there is "substantial overlap" between the two suits. *See Harris Cnty.*, 177 F.3d at 319.

Noatex and APMM are already in litigation in Mississippi over the same funds Kohn Law seeks in this case. Because Kohn Law stands in the shoes of Noatex, APMM's defenses in the present case against Kohn Law would, at the least, substantially overlap with the issues in the Mississippi interpleader action. The question Kohn Law asks the Central District of California to resolve is at the "heart" of the Mississippi interpleader action—whether Noatex is entitled to the $260,410.15. If Noatex does not recover funds in the Mississippi interpleader action, Kohn Law will likely have no claim to those funds. And, if Noatex does recover funds in the Mississippi interpleader action, Kohn Law will likely recover funds. Not only does the present case involve substantially similar issues as the Mississippi interpleader action, the present case involves *the issue* to be determined in the Mississippi interpleader action.

Because the Mississippi interpleader action is a previously filed lawsuit involving substantially similar parties

and issues, the district court did not abuse its discretion by entering the stay.

Finally, we note that the parties have filed motions: to supplement the record; to file supplemental briefs; and for the Court to take judicial notice of developments in the proceedings in the Mississippi state court, the Northern District of Mississippi, and the Fifth Circuit. These motions are denied. "It is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000). Neither party has demonstrated "extraordinary" circumstances required to supplement the record on appeal. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).[5]

**AFFIRMED.**

---

[5] Because we conclude that the district court could properly stay the action under the first-to-file rule, we need not address whether the *Colorado River* doctrine also justified a stay in this case.