NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| H. BABAALI M.D. MEDICAL INC., | No. 18-55745 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00198-GW-PLA |
| v. | |
| ALEX M. AZAR II, Secretary of the United States Department of Health and Human Services, and SEEMA VERMA, Administrator of the Centers for Medicare and Medicaid Services, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George Wu, District Judge, Presiding

Argued and Submitted November 4, 2019
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER,** Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
** The Honorable Barrington D. Parker, United States Circuit Judge for the Second Circuit, sitting by designation.

1

H. Babaali M.D. Medical Inc. ("Babaali") is a Medicare provider that provides treatment for venous reflux disease.[1] A Medicare independent contractor determined that Babaali had been overpaid for this service. Babaali disputed this determination. After initiating but not completing administrative review of this dispute, Babaali sought a writ of mandamus directing the Secretary of Health and Human Services and the Administrator of the Centers for Medicare and Medicaid Services to provide a hearing before an Administrative Law Judge and to stay recoupment of the alleged overpayment until an ALJ issued a decision. *See* 28 U.S.C. § 1361.

Babaali also brought a claim under the Due Process Clause, invoking jurisdiction pursuant to 42 U.S.C. § 405(g).[2] The district court granted Defendants-Appellants' motion to dismiss, holding that the requirements for mandamus jurisdiction had not been met and that Babaali had failed to exhaust its administrative remedies. The court further denied Babaali's motion for leave to amend. This appeal followed.

---

[1] We are mindful that H. Babaali M.D. is the name of both a physician and his medical corporation. Because only the corporation is a party here, we use the name "Babaali" to denote the corporation and employ the pronoun "it."

[2] The complaint set forth claims invoking several other bases for jurisdiction, but Babaali does not appeal the district court's dismissal of those claims.

In general, a party is not entitled to relief under § 405(g) or to a writ of mandamus unless that party has exhausted its administrative remedies. *See, e.g.*, *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 15 (2000); *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *Agua Caliente Tribe of Cupeño Indians of Pala Reservation v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019); *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010). The district court, therefore, correctly concluded that it lacked jurisdiction because Babaali failed to proceed through the five-level Medicare appeal process set forth in 42 U.S.C. § 1395ff. *See Ill. Council*, 529 U.S. at 13.

After progressing through two stages of review by independent contractors, Babaali sought a hearing before an ALJ, pursuant to 42 C.F.R. § 405.1000(a).[3] The relevant statute provides that an ALJ "shall conduct and conclude a hearing . . . and render a decision on such hearing by not later than the end of the 90-day period beginning on the date a request for hearing has been timely filed." 42 U.S.C. § 1395ff(d)(1)(A). If an ALJ does not render a decision within the 90-day period, a Medicare provider may move directly to step four and escalate its claim to the Departmental Appeals Board ("DAB"), which provides de novo review. *Id.* §

---

[3] With two levels of review completed, the agency was entitled to begin recoupment as the appeal continued. *See* 42 U.S.C. § 1395ddd(f)(2)(A); 42 C.F.R. § 405.379(f)(1).

1395ff(d)(2)(B), (3)(A). Subsequently, if the DAB does not process the appeal within 180 days, the provider may seek review in federal district court. *Id.* § 1395ff(d)(2)(A), (3)(B); 42 C.F.R. §§ 405.1100, 405.1132(a). Babaali did not receive and still has not received an ALJ hearing because the agency is severely backlogged. Presently, it is unable to provide such a hearing within 3.5 years of a provider's request.

However, rather than proceed to a step-four appeal to the DAB, Babaali filed this suit. Consequently, it failed to exhaust its administrative remedies and is not entitled to judicial review. *See, e.g.*, *Ill. Council*, 529 U.S. at 13; *Ringer*, 466 U.S. at 617; *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1115 (9th Cir. 2003).

Recognizing this failure, Babaali argues that the exhaustion requirement should be waived. It contends that it would be denied due process if the agency were able to recoup significant sums while it endured the multi-year wait for an ALJ hearing. Although waivers are available under § 405(g), that provision also includes an unwaivable requirement that a plaintiff first present its claim to the agency. *Kaiser*, 347 F.3d at 1115. While Babaali did challenge the overpayment determination before the agency, it never presented to the agency a request for a stay of recoupment, nor did it seek an extended repayment plan. *See* 42 U.S.C. § 1395ddd(f)(1). As a result, it fails to meet the unwaivable presentment

4

requirement, and the Court may not entertain Babaali's due process claim. *Cf. Haro v. Sebelius*, 747 F.3d 1099, 1112-13 (9th Cir. 2014).

Babaali further challenges the district court's denial of its motion for leave to amend. It had sought leave to add a claim for mandamus relief on behalf of all Medicare providers who had experienced similar significant delays receiving ALJ hearings. The district court denied the motion, inter alia, on the ground of comity. It noted ongoing parallel litigation in the U.S. District Court for the District of Columbia, *Am. Hosp. Ass'n v. Azar*, No. 14-cv-851 (JEB), 2018 WL 5723141 (D.D.C. Nov. 1, 2018). Because that litigation had been protracted, Babaali was within the class of providers covered by that litigation, and the case presented an identical issue, the district court did not abuse its discretion by denying leave to amend. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

**AFFIRMED.**