IN THE SUPREME COURT OF THE STATE OF NEVADA

TONOPAH SOLAR ENERGY, LLC,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF NYE;
AND THE HONORABLE STEVEN
ELLIOTT, SENIOR JUDGE,
Respondents,
    and
BRAHMA GROUP, INC.,
Real Party in Interest.

No. 78256

FILED

MAY 29 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DENYING IN PART AND GRANTING IN PART PETITION FOR WRIT OF PROHIBITION OR MANDAMUS

This original petition for a writ of prohibition or mandamus challenges a district court order denying a motion to dismiss or stay an action involving a mechanic's lien and surety bond.

Having considered the parties' arguments and the record, we are not persuaded that our extraordinary and discretionary intervention is warranted with respect to the first two issues. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). In particular, the district court indicated at the December 11, 2018, hearing that it would dismiss real party in interest Brahma Group's three contract claims if the United States District Court for the

20-20301

District of Nevada (federal court) took jurisdiction over them. The federal court has since taken jurisdiction over those claims, and there is no indication in the record that the district court has denied a subsequent request to dismiss those claims. Accordingly, we are not persuaded that a writ of prohibition is necessary at this time. Similarly, because Brahma withdrew its lien foreclosure claim that it filed in the NRS 108.2275(5) special proceeding and its remaining claim on the surety bond was filed in a separate action, we need not address whether Brahma's September 20, 2018, "Mechanic's Lien Foreclosure Complaint" or its September 25, 2018, "First Amended Counter-Complaint" were properly filed in the NRS 108.2275(5) proceeding. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment.").

However, we conclude that the district court's refusal to stay litigation on the bond claim violated the first-to-file rule. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (explaining the rule and its purpose). Brahma does not dispute that the federal court action was filed first, and Brahma acknowledged in federal court that its bond claim and its contract claims are "fundamentally . . . the same" and made similar statements to that effect. Accordingly, we conclude that the district court abused its discretion in refusing to stay litigation of Brahma's bond claim pending the federal court's resolution of Brahma's contract claims under the first-to-file rule. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (recognizing that a writ of mandamus is appropriate to control a district court's abuse of discretion). We therefore

ORDER the petition DENIED IN PART AND GRANTED IN PART and direct the clerk of this court to issue a writ of mandamus directing the district court to enter an order staying litigation of Brahma's surety bond claim pending resolution of Brahma's contract claims in federal court case number 2:18-CV-01747-RFB-GWF.[1]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Department 2, Fifth Judicial District Court
Hon. Steven Elliott, Senior Judge
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
Peel Brimley LLP/Henderson
Nye County Clerk

---

[1]In light of this disposition, we vacate our March 27, 2020, stay order.