NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSEPH DANG, DBA Law Office of Joseph Dang, an individual, | No. 21-55032 |
|  | D.C. No. |
| Plaintiff-counter-defendant-Appellee, | 3:19-cv-01519-GPC-AHG |
| v. |  |
| TEOCO CORPORATION GROUP BENEFIT PLAN, a self funded group health plan; et al., | MEMORANDUM[*] |
| Defendants, |  |
| GLENN C. NUSBAUM; et al., |  |
| Defendants-counter-defendants, |  |
| and |  |
| DAVID PONTIER, an individual, |  |
| Defendant-counter-claimant-Appellant. |  |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 12, 2023[]

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellee Joseph Dang ("Dang") represented Defendant-Appellant David Pontier ("Pontier") in a personal injury lawsuit.  After Pontier's case settled, Pontier, his doctors, and several healthcare benefit plans all claimed rights to the settlement funds.  In August 2019, Dang filed an interpleader action in the Southern District of California, naming Pontier, the doctors, and the healthcare benefit plans as defendants (the California suit).  Each defendant other than Pontier either defaulted or sought voluntary dismissal from the case.  In December 2020, the district court ordered the funds disbursed to Pontier as the sole remaining defendant.

As part of the interpleader action, Pontier counterclaimed against Dang alleging conversion, fraud, breach of contract, and legal malpractice.  Pontier also brought counterclaims against Dang and the other individual defendants for medical fraud, medical malpractice, and violations of the federal and California Fair Debt Collection Practices Acts.  In July 2020, Pontier moved to amend his counterclaims and motions for joinder of Farmers Insurance, J.P. Morgan Chase,

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and GEICO.

While the district court was still adjudicating Pontier's motions, Pontier filed his own suit in the District of Nevada against the individual counterdefendants, the three additional counterdefendants Pontier sought to join, and three new parties— PHIA Group, LLC, the State Bar of California, and the State of California (the Nevada suit).[1] Complaint, *Pontier v. Geico*, No. 20-1446 (D. Nev. Aug. 5, 2020), ECF No. 1. Pontier's Nevada suit alleges conversion, bad faith, fraud, and violations of the federal Fair Debt Collection Practices Act against all Defendants. *Id.*

On October 29, 2020, Dang filed a motion asking the California district court to enjoin the Nevada suit based on the "first-to-file" rule.[2] The district court granted the motion and enjoined the Nevada suit.[3] Pontier appeals from this determination. We have jurisdiction to consider this interlocutory appeal under 28

---

[1] In the California suit, the district court granted Pontier's motion for leave to amend his counterclaims on October 9, 2020. However, Pontier withdrew his request to join additional parties on October 29, 2020.

[2] We explain the "first-to-file" rule below.

[3] After the District of Nevada received notice of the first-to-file rule injunction, it transferred the case to the Southern District of California. *See* Transfer Order, *Pontier v. Geico*, No. 20-1446 (D. Nev. Feb. 1, 2021), ECF No. 24; Acknowledgement of Transfer, *Pontier v. Geico*, No. 21-199 (S.D. Cal. Feb. 25, 2021), ECF No. 25.

U.S.C. § 1292(a)(1).  Because the district court did not abuse its discretion, we affirm the injunction of the Nevada suit.  *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (applying abuse of discretion standard).  We dismiss all other issues raised by Pontier for lack of jurisdiction.

The first-to-file rule "may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'"  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter*, 678 F.2d at 95).  The rule gives the second district the "discretion to transfer, stay, or dismiss the second case," *see Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997), and it also gives the first district the power to enjoin later-filed actions when the first district has jurisdiction over all parties involved, *see Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  In determining whether the rule applies, courts look to: (1) the chronology of the lawsuits, (2) the similarity of the parties involved, and (3) "the similarity of the issues at stake."  *See Alltrade*, 946 F.2d at 625.

Dang's California suit was filed before Pontier's Nevada suit.  *Compare* Complaint, *Dang v. Pontier*, No. 19-1519 (S.D. Cal. Aug. 13, 2019), *with* Complaint, *Pontier v. Geico*, No. 20-1446 (D. Nev. Aug. 5, 2020).[4]  And the

---

[4] Moreover, both Pontier's original and supplemental *counterclaims* in the California suit were filed before the Nevada suit.  *See* Counterclaims, *Dang v.*

4

district court did not abuse its discretion in finding "substantial similarity of parties" between the two actions. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). As the district court noted, both cases involve Pontier, Dang, and three of Pontier's doctors. Although the California suit does not include JP Morgan Chase, Geico, or Farmers Insurance Company, the district court granted Pontier's motion for leave to amend to join those parties. That Pontier withdrew his motion does not eliminate the substantial similarity; nor does the addition of Phia Group, Inc., the State of California, and the California State Bar as defendants in the Nevada suit. *Kohn Law Grp.*, 787 F.3d at 1240.

The district court also did not abuse its discretion in finding the issues in both cases created "substantial overlap between the two suits." *Kohn Law Grp.*, 787 F.3d at 1241 (internal quotation marks and citation omitted). The crux of both Pontier's counterclaims and the Nevada suit is that Dang (or some other person or entity) illegally interfered with Pontier's receipt of the money from the personal injury settlement. And even if we were to assess only the claims raised originally by Dang's interpleader complaint in the California suit, as both suits concern Pontier's alleged right to the settlement money and associated damages, their

---

*Pontier*, No. 19-1519 (S.D. Cal. Jan. 15, 2020); Supplemental Counterclaims, *Dang v. Pontier*, No. 19-1519 (S.D. Cal. Feb. 7, 2020).

issues substantially overlap.[5]

Finally, Pontier raises many other arguments in his opening brief, some of which are beyond the scope of this appeal. In addition to contesting the injunction order below, Pontier argues that: (1) there is no federal subject matter jurisdiction over the interpleader action; (2) venue in the Southern District of California is improper; (3) the transfer of the Nevada action to the Southern District constituted reversible error; and (4) because California and the State Bar of California are named defendants in *Pontier v. Geico*, Nevada is a fairer venue.

Federal jurisdiction is proper over the interpleader action as it is an action for "property of the value of $500 or more." 28 U.S.C. § 1335(a). And "[t]wo or more adverse claimants" are of diverse citizenship as defined in 28 U.S.C. § 1332: Pontier is a citizen of Nevada, Defendant UMR Inc. is a Delaware corporation, Defendant TEOCO Corporation Group Benefit Plan is a Delaware corporation with a principal place of business in Virginia, and Drs. Kim, Nusbaum, and Yoo are based in California. *See Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1007 n.1

---

[5] Because Dang filed a responsive pleading to Pontier's counterclaims, Pontier may no longer voluntarily dismiss them under Federal Rule of Civil Procedure 41(c)(1). We see no reason why a party should be able to assert counterclaims in one federal suit and then, after the period for voluntarily dismissal under Federal Rule of Civil Procedure 41 has passed, choose instead to affirmatively file in another district. We conclude that applying the first-to-file rule here "avoids awarding such gamesmanship and is consistent with the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity." *Kohn Law Grp.*, 787 F.3d at 1240.

(9th Cir. 2012).

On December 23, 2021, this court limited the scope of this appeal to review of the district court order enjoining the Nevada suit. As that order suggests, we lack jurisdiction over the three "additional" claims raised on appeal described above. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 905 (9th Cir. 1995) (holding that the scope of an appeal from an injunctive order under § 1292(a)(1) extends only to "matters inextricably bound up with the injunctive order from which the appeal is taken").

**AFFIRMED IN PART and DISMISSED IN PART.**