**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 12 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARMAN INTERNATIONAL
INDUSTRIES, INC., a Delaware
corporation,

     Plaintiff-counter-
     defendant-Appellee,

  v.

JEM ACCESSORIES, INC., DBA Xtreme
Cables, a New Jersey corporation,

     Defendant-counter-claimant-
     Appellant.

No.   23-55774

D.C. No.
2:20-cv-08222-AB-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted October 21, 2024
San Francisco, California

Before:  CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

Jem Accessories, Inc. ("Jem") appeals the district court's grant of summary

judgment to Harman International Industries, Inc. ("Harman") and denial of its

motion to dismiss or transfer the action to the Southern District of New York. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Jem argues that the first-to-file rule required the district court to transfer the action to New York. We review the district court's ruling under the first-to-file rule for abuse of discretion. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (citation omitted).

The first-to-file rule is discretionary and "may be invoked when a complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (citation and internal quotation marks omitted). Jem had previously filed a trademark infringement lawsuit against Harman and JVCKenwood USA Corp. in the Southern District of New York on June 29, 2020 ("New York Action"). Harman filed this case on September 8, 2020, in the Central District of California ("California Action"). On February 22, 2021, the New York court dismissed Jem's action against Harman for improper joinder. Instead of seeking to appeal that dismissal or refiling a separate action in New York, Jem pursued its claims against Harman by filing a counterclaim in the California Action.

The first-to-file rule does not apply here. No action against Harman was pending in New York at the time the California court denied the motion to dismiss or transfer on April 8, 2021, Jem filed its counterclaim in the California Action on May 6, 2021, or the California court granted summary judgment on April 10,

2023.[1]

2.      Jem argues that the doctrine of laches does not bar its trademark infringement claims. We review the availability of the laches defense de novo, *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 391 F.3d 1088, 1101 (9th Cir. 2004), and the application of the laches factors for abuse of discretion, *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 880 F.3d 1109, 1115 (9th Cir. 2018). Whether laches bars a trademark infringement claim depends on, first, whether the plaintiff filed outside the "most analogous state statute of limitations," *Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018), and, second, the equities in applying laches based on the six factors set out in *E-Sys., Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983).

Jem filed its counterclaim in the Central District of California. The forum state of the district court usually provides the "most analogous state statute of limitations." *See Pinkette*, 894 F.3d at 1025. The decision by the district court to apply the four-year limitations period under California law was appropriate.

Jem argues a longer, six-year period under New York law should have been

---

[1] Jem also argues in passing that the district court should have dismissed this case on forum non conveniens grounds. A trial court's forum non conveniens determination is reviewed for a "clear abuse of discretion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). Jem's opening brief fails to examine any of the forum non conveniens factors in any depth. We see no basis to disturb the district court's determination that the California forum would not impose an undue burden on the parties.

applied, contending that Harman brought its action in California under New York law. However, Harman's complaint alleged that Harman did not infringe "marks alleged to be owned by Jem under the Lanham Act or any state law," and its prayer for relief similarly sought a declaratory judgment that it had not violated Jem's alleged common-law marks "under the federal Lanham Act or any other federal or state law." Harman's complaint does not invite or insist upon adjudication by the court under the separate laws of all fifty states. The district court did not abuse its discretion in deciding that California's limitations period was the most analogous state statute of limitations, not New York's.

Under California law, Jem's counterclaim was untimely. Jem filed its counterclaim in the California Action more than four years after it had actual knowledge of its potential claims against Harman. The laches period begins "when the plaintiff knew (or should have known) of the allegedly infringing conduct." *See Eat Right Foods*, 880 F.3d at 1116 (citation and quotation marks omitted). The starting date for Jem's laches period was no later than August 1, 2016, the day that Jem's president acknowledged that he learned of Harman's alleged infringement and when he testified that he wanted to sue Harman immediately. The relevant period ends at the filing of "the lawsuit in which the defendant seeks to invoke the laches defense." *Id.* (citation and quotation marks omitted). Harman filed the California Action on September 8, 2020, and Jem filed its counterclaim on May 6,

4

2021, both of which are more than four years after August 1, 2016.

Jem argues that the laches period should be extended by equitable tolling, but such tolling requires that an "extraordinary circumstance stood in [Jem's] way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Jem's explanations for its delayed filing reflected its own calculations, not extraordinary circumstances that prevented timely filing and justify equitable tolling.

Finally, the district court did not abuse its discretion in concluding that the *E-Systems* factors justified the application of laches. The court determined that the mark was "weak" because it was "suggestive" and not rebutted by any evidence of commercial strength or significant consumer recognition of Jem's brand. Further, Jem did not show diligence in enforcing the mark against Harman. It failed to contact Harman about the alleged infringement prior to filing the New York Action and filed its counterclaim in California more than four years after learning of the alleged infringement. Jem also failed to present any persuasive evidence that Harman acted in bad faith, sought to take unfair advantage of Jem's good will, or hid its own use of the mark. Finally, Harman suffered prejudice from Jem's delay in asserting its claim as Harman continued to invest in its JBL- and XTREME-

brand speakers. *See Pinkette*, 894 F.3d at 1028.[2]

**AFFIRMED.**

---

[2] Jem also asserts that progressive encroachment ought to apply. But progressive encroachment does not protect a trademark holder who "knew of the potential conflict several years before bringing suit" and "chose to wait until the conflict was actual, versus potential." *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 991 (9th Cir. 2009). Jem knew of the potential conflict on August 1, 2016 but waited more than four years to file suit.