**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL FELLER; CRONUS EQUITY, LLC, | No. 24-5198 |
| Plaintiff-ctr-defendants - Appellants, | D.C. No. 2:18-cv-03460-KS |
| v. | MEMORANDUM* |
| DOES, 1 through 25 inclusive, | |
| Defendant, | |
| ROBERT PETTY, | |
| Defendant-ctr-claimant - Appellee. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| PAUL FELLER; CRONUS EQUITY, LLC, | No. 24-5199 |
|---|---|
| Plaintiff-ctr-defendants - Appellees, | D.C. No. 2:18-cv-03460-KS |
| v. | |
| DOES, 1 through 25 inclusive, | |
| Defendant, | |
| ROBERT PETTY, | |
| Defendant-ctr-claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Karen L. Stevenson, Magistrate Judge, Presiding

Submitted April 13, 2026[**]
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Plaintiffs and cross-defendants Paul Feller ("Feller") and Cronus Equity,

LLC ("Cronus") appeal the district court's judgment in favor of defendant and

cross-claimant Robert Petty ("Petty") following a bench trial.[1]  Petty cross-appeals

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] The parties stipulated to a bench trial, with Chief Magistrate Judge Karen L. Stevenson presiding by consent.  *See* 28 U.S.C. § 636(c).

the district court's partial granting of Feller and Cronus's first motion to alter or amend the judgment, specifically on the issue of damages.

The district court ruled in favor of Petty on Feller and Cronus's six claims, for defamation, civil extortion, intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, and injunctive relief. The district court also ruled in favor of Petty on five of Petty's counterclaims, for breach of fiduciary duty, conversion, fraud and deceit, negligent misrepresentation, and breach of contract. The district court ruled against Petty on his four remaining counterclaims.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's findings of fact for clear error, and its legal conclusions de novo. *See Chaudhry v. Aragón*, 68 F.4th 1161, 1171 (9th Cir. 2023). We review a district court's decision to grant or deny a motion to alter or amend a judgment for abuse of discretion. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011). We affirm.

### 1. Interference Claims Regarding Telecentris, Inc. ("Telecentris").

Feller and Cronus argue that Petty's knowledge of Feller's role on the board of directors of Telecentris was sufficient to prove Petty's knowledge of Feller's contractual and prospectively beneficial economic relationship with Telecentris,

relying primarily on *Sebastian Int'l, Inc. v. Russolillo*, 162 F. Supp. 2d 1198, 1203–04 (C.D. Cal. 2001). In *Sebastian*, however, the district court, drawing all reasonable inferences in favor of the plaintiff, concluded that there was evidence for a juror to infer the defendants' knowledge of a contract. *Id.* at 1204. Here, by contrast, the district court was entitled to draw its own inferences as the ultimate factfinder. *See* Fed. R. Civ. P. 52(a)(1). While another factfinder may have weighed the evidence differently, we conclude that the district court's finding was not "illogical, implausible, or without support in inferences from the record." *See Chaudhry*, 68 F.4th at 1171 (citation and quotations omitted). Indeed, Feller and Cronus's counsel solicited no testimony from Petty at trial regarding his knowledge of Feller's relationship with Telecentris.

## 2. Cronus's Liability.

Feller and Cronus argue that the district court improperly treated Feller and Cronus as "a single entity" without a finding of alter ego. While it is true that Petty did not plead or establish alter ego liability, he was not required to do so to prove that Cronus was directly liable. *See City of Ontario v. Superior Ct.*, 466 P.2d 693, 698 (Cal. 1970) ("Yet Alter ego was only one of the theories pleaded; plaintiffs also alleged direct participation in the scheme by City acting through its officers and employees."). We conclude that it was "plausible in light of the record viewed in its entirety" for the district court to determine that Cronus,

4                                                                          24-5199

through its own actions (taken by Feller as its agent), was directly liable for conversion, fraud and deceit, negligent misrepresentation, and breach of contract. *See Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

### 3. Petty's Reliance.

Feller and Cronus argue that Petty failed to establish that he relied on any misrepresentations. Because the district court's finding of actual reliance is a question of fact, we review it for clear error. *See Boschma v. Home Loan Ctr., Inc.*, 129 Cal. Rptr. 3d 874, 892 (Ct. App. 2011). The record shows that Petty relied on Feller's misrepresentation that Feller would sell only 1 million of Petty's VOS Digital Group, Inc. ("VOS") shares in exchange for a ten percent commission. The record further supports the finding that Petty would not, "in all reasonable probability," have agreed to this arrangement if he had known that Feller was planning to sell an additional 1.5 million of Petty's VOS shares without Petty's authorization. *See Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 919 (Cal. 1997) (citation and quotations omitted). Accordingly, the district court's finding that Petty actually relied on Feller and Cronus's misrepresentation was not clearly erroneous.

### 4. Damages for Petty's Conversion Counterclaim.

Feller and Cronus argue that the district court erred in calculating conversion damages under California Civil Code Section 3336 ("Section 3336"). We

disagree. The district court properly applied the "alternative provision" of Section 3336, after finding that an award of ten cents per VOS share "based on the original valuation of the shares would be manifestly unjust." *See Krueger v. Bank of Am.*, 193 Cal. Rptr. 322, 329 (Ct. App. 1983). The district court then appropriately relied on the evidence presented at trial and *Lint v. Chisholm*, 177 Cal. Rptr. 314, 319 (Ct. App. 1981), to value the VOS stock at $1 per share, for a total of $1.5 million in conversion damages.

### 5. *Damages for Petty's Other Counterclaims.*

Feller and Cronus argue that the district court's remaining damages calculations were clearly erroneous because Petty did not prove them with "reasonable certainty." We conclude that the district court, relying on the "recent sales" method, appropriately determined the value of VOS's closely held stock based on plausible evidence in the record. *See In re Marriage of Hewitson*, 191 Cal. Rptr. 392, 397 (Ct. App. 1983). Accordingly, we do not disturb the calculation. *See Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 850 (9th Cir. 2004).

### 6. *Issuance of Stock to Cronus.*

In its amended findings of fact and conclusions of law, the district court determined that the VOS board of directors authorized stock to be issued to Cronus. The district court also found that Petty "gave" these shares to Feller and Cronus. Feller and Cronus argue that these findings are materially inconsistent.

We disagree. It is plausible to infer from the record that Petty owned shares as the founding director of VOS and that the VOS board, made up of Petty and Feller at the time, authorized a transfer of half of Petty's shares to Cronus, though this transfer was never formalized in writing. It was appropriate for the district court, which deemed Petty more credible than Feller, to make these findings, and they do not warrant reversal. *See Montana v. Talen Montana, LLC*, 130 F.4th 675, 691 (9th Cir. 2025). And even if the findings were in tension, Feller and Cronus fail to cite any authorities supporting their contention that the alleged inconsistency requires reversal. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

### 7. *Partial Granting of Feller and Cronus's First Motion to Alter or Amend the Judgment.*

When the district court granted in part and denied in part Feller and Cronus's first motion to alter or amend the judgment, it reduced the amount of damages owed from $20.7 million to $6.75 million, largely due to a reduction in the valuation of VOS stock, from $3 per share to $1 per share. Contrary to Petty's arguments, the district court did not abuse its discretion. The district court reconsidered Feller's testimony that the stock was worth $3 per share and

permissibly rejected it as "speculative."[2]  *See Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir. 1999).

**AFFIRMED.**

---

[2] We deny Petty's request for judicial notice, dkt. 54.  *See Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1241 (9th Cir. 2015).